UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:

LYKES BROS. STEAMSHIP CO., INC.,

    Debtor.
_____/

UNITED STATES OF AMERICA,

    Appellant,
_____/

JOE B. FREEMAN, et al.,

    Appellees.                        Case No. 8:09-cv-1044-T-23
_____/

**O R D E R**

The United States appeals an April 29, 2009, order (Doc. 11-6) of the bankruptcy court denying the United States' motion, pursuant to Rule 8002(c), Federal Rules of Bankruptcy Procedure, for a retroactive extension of time to file an otherwise untimely notice of appeal. A July 9, 2009, order (Doc. 16) directs the parties to brief only whether the bankruptcy court abused its discretion "in refusing to extend the time for the United States to notice an appeal to challenge the court's order to pay pre-judgment interest."

Background

Lykes Bros. Steamship Company ("the debtor") petitioned for Chapter 11 bankruptcy protection in 1995. A November 10, 1997, bankruptcy court order (the "set-off order") finds that the U.S. Maritime Administration ("MarAd") owed the debtor a $2,603,830.85 subsidy. See In re Lykes Bros. Steamship Co., 217 B.R. 304 (Bankr. M.D. Fla. 1997). On November 20, 1997, the United States appealed the set-off order,

which the district court affirmed in October, 2005. United States v. Lykes Bros. Steamship Co., No. 8:98-cv-518-HLA-TGW (M.D. Fla. Oct. 24, 2005). A March 6, 2007, bankruptcy court order (Doc. 13-2) (the "ODS Distribution Order") directs the United States to pay to the appellee Joe B. Freeman (the plan distribution trustee) $3,885,392.00, which includes $1,290,290.00 in interest. The United States promptly paid the principal due but refused to pay the accrued interest.

On September 29, 2008, the appellees moved (Doc 13-3) to compel the United States to comply with the ODS Distribution Order by paying the accrued interest. On October 24, 2008—more than nineteen months after entry of the ODS Distribution Order—the United States moved (Doc. 13-4) for relief from the order pursuant to Rules 60(b)(4) and 60(b)(5), Federal Rules of Civil Procedure. The United States argued that the ODS Distribution Order is void because "no waiver of sovereign immunity exists that would allow the assessment of post-judgment interest in this matter." (Doc. 13-4 at 2) A January 16, 2009, bankruptcy court order (Doc. 11-3) grants the motion to compel and denies the United States' Rule 60(b) motion. The bankruptcy court found that the United States failed both to move for relief from the ODS Distribution Order within a reasonable time and to establish that the order is void.

On February 2, 2009, the United States appealed the bankruptcy court's January 16, 2009, order denying the Rule 60(b) motion. Because the United States filed the notice of appeal seven days after the deadline prescribed by Rule 8002(a), Federal Rules of Bankruptcy Procedure, the bankruptcy court dismissed (Doc. 11-4) the appeal as untimely. Asserting excusable neglect, the United States moved (Doc. 11-5) pursuant to Rule 8002(c) for an extension of the time to appeal. Following a hearing, an

April 29, 2009, order (Doc. 11-6) denies the United States' motion for a retroactive extension of time to appeal. The United States timely appeals the April 29, 2009, order.

Analysis

Rule 8002(a), Federal Rules of Bankruptcy Procedure, provides that "[t]he notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from." "[T]he timely filing of a notice of appeal is mandatory and jurisdictional. If the notice is not timely filed, the appellate court is without jurisdiction to hear the appeal." Williams v. EMC Mortgage Corp., 216 F.3d 1295, 1298 (11th Cir. 2000). Pursuant to Rule 8002(c)(2), Federal Rules of Bankruptcy Procedure, a motion for an extension of time to appeal "filed not later than 20 days after the expiration for the time for filing a notice of appeal may be granted upon a showing of excusable neglect." Because the timely filing of a notice of appeal is jurisdictional, denial of an extension precludes appellate jurisdiction to review the substantive merit of the appeal. A subsequent appeal of the bankruptcy court's order denying an extension under Rule 8002(c) presents only one issue—whether denial of the extension constitutes an abuse of discretion. See James Wm. Moore, 20 Moore's Federal Practice § 304.14[4] (discussing the parallel provision of Rule 4(a)(5), Federal Rules of Appellate Procedure); see also Advanced Estimating Sys., Inc. v. Riney, 130 F.3d 996, 997 (11th Cir. 1997).

Whether to excuse a party's neglect requires consideration of "all relevant circumstances surrounding the party's omission." Pioneer Inv. Servs. Co. v. Brusnwick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993). Relevant factors include "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on

- 3 -

judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Pioneer, 507 U.S. at 395.  Because a party chooses his counsel, "the proper focus is upon whether the neglect of [the party] and [his] counsel was excusable."  Pioneer, 507 U.S. at 396.  "[A]ttorney error based on a misunderstanding of the law [is] an insufficient basis for excusing a failure to comply with a deadline."  Advanced Estimating Sys., Inc. v. Riney, 130 F.3d 996, 998 (11th Cir. 1997) ("[N]o circuit that has considered the issue after Pioneer has held that an attorney's failure to grasp the relevant procedural law is 'excusable neglect'").

       The bankruptcy court stated that "[t]he sole basis articulated by the Motion for the extension of time is excusable neglect, and the sole basis for excusable neglect articulated is the mistake of counsel in failing to calendar properly the deadline for filing a notice of appeal under the governing federal rules of procedure." (Doc. 11-6 at 9)  In the "Motion for Review of Order Dismissing Appeal," the United States asserts, "Counsel for the United States inadvertently counted the 10-day period using Fed. R. Civ. P. 6, which excludes intermediate Saturdays, Sundays, and legal holdings when the period is less than 11 days, rather Fed. R. Bankr. P. 9006, which does not exclude such days unless the period of time is less than 8 days."  (Doc. 11-5 at 1) Neither party disputes the United States' good faith, but the bankruptcy court considered the overall length of the case and the United States' failure to timely appeal despite the United States' timely appeal of the set-off order earlier in the case.  The bankruptcy court concluded that the United States' counsel's ignorance of the procedural rules could not excuse the timely filing of the notice of appeal.  Extensive decisional precedent—both in

this circuit and elsewhere—supports the bankruptcy court's conclusion.  See, e.g., Advanced Estimating Sys., Inc. v. Riney, 130 F.3d 996, 998 (11th Cir. 1997) ("[A] lawyer's failure to understand clear law cannot constitute excusable neglect); Cavaliere v. Allstate Ins. Co., 996 F.2d 1111, 1115 (11th Cir. 1993); see also Graphic Commc'ns Int'l Union, Local 12-N v. Quebecor Printing Providence, Inc., 270 F.3d 1, 8 (1st Cir. 2001) ("While the delay here was brief and Defendants have suffered no prejudice, the fact remains that counsel's failure to comply with a rule that is 'mandatory and jurisdictional' was the result of ignorance of the law and inattention to detail."); In re Food Barn Stores, Inc., 214 B.R. 197 (B.A.P. 8th Cir. 1997) (finding no excusable neglect because counsel calculated the time for appeal under the Federal Rules of Civil Procedure rather than the appropriate bankruptcy rule); Prizevoits v. Indiana Bell Tel. Co., 76 F.3d 132, 133 (7th Cir. 1996) ("The excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules.").  Accordingly, the bankruptcy court neither erred nor abused its discretion by refusing to extend the time for appeal.[*]

---

[*] In violation of the July 9, 2009, order (Doc. 16) limiting the briefing to whether the bankruptcy court abused its discretion by refusing to extend the time to notice an appeal, the United States' brief addresses the merits of the bankruptcy court's order denying the United States' Rule 60(b) motion (following which the United States filed an untimely notice of appeal).  In other words, in an appeal in which the United States seeks relief from the consequences of an unsound appellate practice (computing, neglectfully, the time for appeal), the United States engages in yet another unsound appellate practice (briefing, contrary to an express order, a question not before the court and irrelevant to determination of the issue at hand).

Conclusion

The April 29, 2009, order (Doc. 11-6) of the bankruptcy court is **AFFIRMED**. The Clerk is directed to close the case.

ORDERED in Tampa, Florida, on September 28, 2009.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE